MORGAN, LEWIS & BOCKIUS LLP
J. Warren Rissier, Bar No. 197939
warren.rissier@morganlewis.com
Joseph Bias, Bar No. 257127
joseph.bias@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:  +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendants
HOMEAWAY.COM, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MEYER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HOMEAWAY.COM, INC., a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. **'17 CV2243 JLS  KSC** <br><br> **DEFENDANT HOMEAWAY.COM, INC.'S NOTICE OF REMOVAL** <br><br> Complaint Filed in San Diego Superior Court:  September 29, 2017 <br><br> Complaint Served on Defendant: October 4, 2017 <br><br> (Removed from Superior Court of California, County of San Diego Case No. 37-2017-00036668-CU-BC-NC) |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, HomeAway.com, Inc. ("Defendant"), by and through their attorneys, remove to this Court the action entitled *Karen Meyer v. HomeAway.com, Inc.*, Case No. 37-207-00036668-CU-BC-NC (the "Action"), which was originally filed in the Superior Court of the State of California for the County of San Diego.

## I. INTRODUCTION

1. As set forth below, this Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

2. By filing this notice of removal, HomeAway does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the Action, and all other defenses. HomeAway reserves the right to supplement and amend this notice of removal.

## II. BACKGROUND

3. On September 29, 2017, plaintiff Karen Meyer ("Plaintiff") commenced this putative class action by filing a Complaint in the San Diego Superior Court.

4. The Complaint alleges violations of the California Consumer Legal Remedies Act ("CLRA"), the California False Advertising Law, California Business & Professions Code § 17500, and the California Unfair Competition Law, California Business & Professions Code § 17200. The Complaint further alleges claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing.

5. These claims arise from the allegation that HomeAway falsely represented that it would provide customers "24/7" customer service in exchange

for the Service Fees and improperly refused to adjust the Service Fees to account for "shortened reservations" (together, the "Alleged Practices"). Compl. ¶¶ 2, 7, 16-19, 25.

6. Plaintiff brings these claims on behalf of herself and a putative class comprised of "[a]ll persons who reside in the state of California who rented a dwelling form HomeAway plus all persons who rented a dwelling in the State of California through HomeAway's website between January 1, 2014 and the present" (the "Putative Class"). Compl. ¶ 27.

7. Plaintiff seeks, among other things, the following: (1) an order enjoining the Alleged Practices; (2) "restitution and restitutionary disgorgement"; (3) "compensatory, consequential, actual, and/or statutory damages in the maximum amount permitted by law or other equitable monetary relief, plus pre and post-judgment interest thereon"; (4) "punitive and exemplary damages"; (5) "costs of suit"; and (6) "attorneys' fees and costs as permitted by law, including but not limited to California Code of Civil Procedure section 1021.5, California Civil Code sections 1780-1782, and other statutes as may be applicable." Compl. Prayer for Relief.

8. Process was served on Defendant on October 4, 2017, by delivery to an agent authorized by HomeAway to receive process.[1]

9. HomeAway has not filed an answer or responsive pleading to the Complaint.

**III. JURISDICTION**

10. CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a

---

[1] The Summons and Complaint, which together comprise "all process, pleadings, and orders served" on HomeAway in this Action, 28 U.S.C. § 1446(a), are attached hereto as Exhibit A along with all other documents filed in the state court proceeding.

citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2), (5). All of these requirements are met here.

### A. Minimal Diversity Exists

11. CAFA requires only minimal diversity, and in class action lawsuits, "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Diversity of citizenship exists here.

12. Plaintiff does not plead her citizenship, but the Putative Class expressly includes California citizens as well as citizens from any state who rented dwellings in California through HomeAway.com. *See* Compl. ¶¶ 7 ("Plaintiff Karen Meyer is a United States citizen"), 27 (Putative Class definition).

13. For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). Defendant HomeAway is a Delaware corporation with its principal place of business in the State of Texas. Compl. ¶ 8. Thus, for purposes of CAFA jurisdiction, HomeAway is a citizen of Delaware and Texas, and no other state. 28 U.S.C. § 1332(c)(1).

14. Accordingly, the minimal diversity requirement is satisfied given that the Putative Class expressly includes California citizens and HomeAway is a citizen of Delaware and Texas.

### B. The Amount In Controversy Exceeds $5,000,000

15. Although HomeAway denies all liability alleged in the Complaint and denies that class treatment is appropriate for this Action, if damages or restitution were awarded on Plaintiff's claims, the aggregate amount as to the putative class would exceed $5,000,000 exclusive of interests and costs.

16. HomeAway denies Plaintiff's substantive allegations, denies that Plaintiff is entitled to any of the relief sought in her Complaint, and does not waive

any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. *See, e.g.*, *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.")); *accord Gyorke-Takatri v. Nestle USA, Inc.*, Case No. 15-cv-03702-YGR, 2015 WL 6828258, at *2 (N.D. Cal. Nov. 6, 2015); *Asturias v. Nationstar Mortgage, LLC*, Case No. 15-CV-3861 YGR, 2015 WL 6602022, at *1 (N.D. Cal. Oct. 30, 2015).

17. Case law is clear that "[t]he amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith. Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50 (2014) (internal citation omitted).

18. Here, Plaintiff seeks, in addition to injunctive relief, compensatory, consequential, actual, and/or statutory damages in the maximum amount permitted by law, and requests the Court to "enter an order requiring full restitution or restitutionary disgorgement of all amounts obtained by Defendants as a result of the misconduct set forth herein in an amount according to proof at trial." Compl. Prayer for Relief. Even if this request for restitution were limited to the Service Fees collected from the Putative Class, it still seeks well in excess of $5,000,000. *See* Decl. of Bill Bowles in Support of Removal at ¶¶ 6-7.

19. The $5,000,000 requisite amount in controversy is therefore satisfied.

C. **The Putative Class Exceeds 100 Members**

20. Plaintiff alleges that the Putative Class "is *so numerous* that joinder of all members is impracticable." Compl. ¶ 31 (emphasis added).

21. Plaintiff further alleges that the Putative Class "consists of thousands of customers in the United States." Compl. ¶ 31.

22. Because the Complaint pleads a Putative Class comprised of thousands of individuals, 28 U.S.C. § 1332(d)(5)'s requirement of at least 100 class members is satisfied.

### IV. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

23. This Court is the proper venue for removal because the Action is pending in the County of San Diego, California, and the United States District Court for the Southern District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

24. HomeAway timely filed this notice of removal. HomeAway was served with the Complaint on October 4, 2017. Accordingly, HomeAway filed this Notice of Removal within 30 days of being served. 28 U.S.C. §§ 1446(b); 1453(b).

25. As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of San Diego.

Dated: November 3, 2017

MORGAN, LEWIS & BOCKIUS LLP
J. Warren Rissier
Joseph Bias

By /s/ Joseph Bias
Joseph Bias
Attorneys for Defendant
HOMEAWAY.COM, INC.

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Karen Meyer, individually and on behalf of all others similarly situated

## DEFENDANTS
Homeaway.com, Inc., a Delaware corporation; and DOES 1 through 100, inclusive

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander M. Schack, SBN 99126 / Natasha N. Serino, SBN 284711
Law Offices of Alexander M. Schack
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
858.485.6535

Attorneys *(If Known)*
J. Warren Rissier, SBN 197939 / Joseph Bias, SBN 257127
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071
213.612.2500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729 (a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | LABOR | SOCIAL SECURITY | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | Habeas Corpus: | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | IMMIGRATION | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | Other: [ ] 540 Mandamus & other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
CAFA Diversity jurisdiction over state contract and consumer protection claims.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/3/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS-44

# CERTIFICATE OF SERVICE

I, Lisa Wright, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132.

On **November 3, 2017,** I served a copy of the within document(s):

**NOTICE OF REMOVAL; CIVIL CASE COVER SHEET**

| ☒ | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. |
|---|---|

| | |
|---|---|
| Alexander M. Schack<br>Natasha N. Serino<br>Law Offices of Alexander M. Schack<br>16870 West Bernardo Drive, Suite 400<br>San Diego, CA 92127<br>Tel: 858-485-6535 Fax: 858-485-0608 | Attorneys for Plaintiff<br>KAREN MEYER |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed On November 3, 2017, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*/s/ Lisa Wright*
Lisa Wright