**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/29/2017** at 03:53:05 PM
Clerk of the Superior Court
By Ivana Salas,Deputy Clerk

1  ALEXANDER M. SCHACK, Esq., Bar No. 99126
(alexschack@amslawoffice.com)
2  NATASHA N. SERINO, Esq., Bar No. 284711
(natashaserino@amslawoffice.com)
3  LAW OFFICES OF ALEXANDER M. SCHACK
16870 West Bernardo Drive, Suite 400
4  San Diego, CA  92127
Tel: (858) 485-6535 Fax: (858) 485-0608
5
6  Attorneys for Karen Meyer
individually and on behalf of all others similarly situated

7           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                **FOR THE COUNTY OF SAN DIEGO**

9                    **NORTH COUNTY BRANCH**

10  Karen Meyer, individually and on behalf of all          ) CASE NO: 37-2017-00036668-CU-BC-NC
11  others similarly situated,                              ) **CLASS ACTION**
                                                            )
12                          Plaintiffs,                     )   1. **Violation of the Consumers Legal**
                                                            )      **Remedies Act - California Civil**
13  v.                                                      )      **Code § 1750, et seq.;**
                                                            )   2. **Violation of the False Advertising**
14  HOMEAWAY.COM, INC. a Delaware                           )      **Law – California Business and**
    corporation; and Does 1 through 100, inclusive.         )      **Professions Code § 17500, et seq.;**
15                                                          )   3. **Violations of the Unfair**
                          Defendants.                       )      **Competition Law – California**
16                                                          )      **Business and Professions Code §**
                                                            )      **17200, et seq.**
17  _____                )   4. **Breach of Contract  -**
                                                                   **Misrepresentation of Benefits -**
18                                                                 **California Civ. Code § 1709**
                                                               5. **Breach of Covenant of Good Faith**
19                                                                 **and Fair Dealing**

20

21

22

23

_____

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Karen Meyer ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), by and through her undersigned counsel, files this Class Action Complaint against HomeAway.Com, Inc. and DOES 1 through 100, inclusive (collectively "Defendants" or "HomeAway") and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action to remedy violations of law in connection with Defendants' marketing, advertisement and management of its online rental site. Defendants marketed and advertised HomeAway as a website which offers world-wide listings of rental properties, a booking and secure payment site, and 24/7 customer service.

2.      In its marketing materials, including its website, Defendants misled consumers by advertising that by booking their reservation through HomeAway, they would receive "premium customer service that is available 24/7" to help them with any issues regarding their stay or inability to reach the owner or property manager, which it does not. In addition, Defendants charge a service fee of between 5-12% based on the total amount of the reservation, but refuses to adjust such service fee for shortened reservations.

3.      Through its misrepresentations, Defendants have therefore deceived consumers into believing that HomeAway offered services which it does not and that it had uses and benefits, which it does not have. In fact, Defendants' representations about its services are false and misleading.  In addition, Defendants' refusal to credit customers for reservation modifications constitutes an illegal penalty under California law.

4.      Because of its deceptive marketing and advertising, Defendants were able to, and did, entice customers to pay a fee to use the HomeAway reservation and booking website.

5.      Due to Defendants' misrepresentations, numerous consumers have expressed their dissatisfaction with the services provided by HomeAway in online reviews with sentiments like, "Stay away.  They basically collect a fee for doing nothing.", "BEWARE: these people are scam

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**
1

artist.", "Do not use HomeAway to book rentals.", "STAY AWAY should be their name!", RIPOFF ALERT  #Homeaway Should be called STAYAWAY."[1]

6.    Because of its deceptive marketing, Defendants were able to, and did, charge service fees for reserving and booking through HomeAway.com. As a result of Defendants' unlawful conduct, Plaintiff and the Class members have suffered harm in that they paid fees for services they thought they were getting but did not. Plaintiff therefore brings this action seeking relief on behalf of herself and all others similarly situated.

### PARTIES

7.    Plaintiff Karen Meyer is a United States citizen who, in or around February of 2017, booked a reservation through HomeAway to rent a guesthouse in California.  After booking her reservation, Ms. Meyer's plans changed in that she would be staying at the guesthouse one less day than noted on her original reservation.  She immediately advised the owner of the guesthouse, who agreed to adjust her bill, but advised her to contact HomeAway for an adjustment to the service fee charged by Defendants.  The only way to contact HomeAway is through their app via either email or phone call. Ms. Meyer attempted to contact HomeAway a number of times to request an adjustment to her service fee.  Even though HomeAway's website advertised "premium customer service that is available 24/7," Ms. Meyer was unable to get through to them on a number of occasions.  For instance:

- On or about March 3, 2017, Plaintiff attempted to call HomeAway and, after being placed on hold for over 45 minutes, had to terminate the call.

- On or about March 5, 2017, during the day, Plaintiff tried to both call and email HomeAway, but was unable to get a response through either method of communication.  Later that same evening, Plaintiff tried to contact HomeAway through the phone number listed on its website, but received a recorded message asking the caller to leave a message.  Plaintiff left a message and requested a return call, but did not receive a return call.

---

[1] https://www.yelp.com/biz/homeaway-austin-2 (last accessed 6/16/2017)

- On or about March 6, 2017, Plaintiff called HomeAway at least three (3) times but was put on hold for 20 plus minutes, at which time she had to terminate the call. She also sent an email to HomeAway, but received no response.

- Shortly after returning from her trip to San Diego, Plaintiff was finally able to speak with a HomeAway customer service representative. Plaintiff explained the situation to the customer service representative and requested an adjustment to the service fee she had previously paid. The representative refused to adjust Plaintiff's service fee.

Based on Defendants' representations made on their website, Plaintiff reasonably believed that HomeAway's customer service would be available 24/7 as advertised and that it would not charge an illegal penalty for reservation modifications. Had Plaintiff known that she would not have 24/7 customer service access to HomeAway and that HomeAway would not issue a credit for modified reservations resulting in a shortened stay, she would not have paid for 24/7 customer service and would never have booked her trip through HomeAway's website. As such, Plaintiff lost money and suffered injury-in-fact as a result of paying a service fee to use Defendant's booking site.

8.     Defendant HomeAway.com, Inc. is a Delaware corporation with its principle place of business in Austin, Texas. Defendant Homeway is a website that advertises and books rental homes.

9.     The true names and capacities of defendants DOES 1 through 100, whether individual, corporate, associate, representative, are unknown to Plaintiff who therefore sues said defendants by such fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 100 when Plaintiff has such information. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences and damages alleged herein.

10.     Plaintiff is informed and believes and thereon alleges that, at all times mentioned, each defendant, including DOES 1 through 100, was the agent, representative, alter ego,

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**

3

successor-in-interest, affiliate, principal, partner, joint venture, and/or employee of the other defendants, and was acting within the course and scope of their agency and employment. As such, each defendant was acting within the course and scope of its authority and with the express and/or implied permission, knowledge, consent, and ratification of all other defendants when doing the acts and omissions alleged herein.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, § 10 and California Code of Civil Procedure § 410.10. Jurisdiction is also proper pursuant to California Business and Professions Code §§ 17202 and 17203, and California Civil Code § 1781.

12.    Venue is proper in this Court pursuant to California Code of Civil Procedure section 395. The contract forming the basis of this Complaint concerns a rental home located in San Diego County, California.

13.    This court has personal jurisdiction over Defendants because, among other things, HomeAway regularly conducts business in California, and has marketed rental homes located in California.  In addition, Defendants market to California consumers wishing to rent homes both in the United States and internationally, and has otherwise intentionally availed itself of consumer markets in California through its business activities, advertising and marketing in California. Defendants have sufficient minimum contacts with this state to render the exercise of jurisdiction by this Court in compliance with traditional notions of fair play and substantial justice.

## FACTUAL ALLEGATIONS

14.    HomeAway advertised and marketed rental homes located in California during the class period.

15.    Once a consumer booked a reservation through HomeAway's website and the booking was accepted by the property owner of manager, the consumer would be charged a

service fee by HomeAway of between 5-12% of the total amount of the reservation (for most bookings).

16.    HomeAway's website stated that this service fee, among other things, helped cover the cost of providing 24/7customer service.

17.    On its website, HomeAway states the following:

The service fee is paid by the traveler when booking through the HomeAway websites. This fee helps cover the costs of operating the websites for owners and travelers. Some of the costs to run HomeAway include: facilitating secure transactions, developing our products and services, and **providing 24/7 customer service**.[2]

(emphasis added)

18.    Through their misleading statements, Defendants intended to and did deceive consumers into believing they were paying for 24/7 customer service. This is not true.  Despite Defendants' representations, HomeAway did not provide 24/7 customer service to consumers.

19.    Through its misrepresentations, Defendants have therefore deceived consumers into believing that HomeAway had uses and benefits, which it does not have. In fact, Defendants' representations about its service are false and misleading.  HomeAway does not offer 24/7 customer service as advertised.

20.    Numerous customers have expressed their dissatisfaction and problems with the service on Sitejabber.com, Yelp.com, and Trustpilot.com.  The consumer complaints and comments about HomeAway demonstrate that HomeAway's advertising and marketing materials are misleading.

21.    On Sitejabber.com, for example, a majority of the nearly 908 reviews were 1 star, the lowest possible rating.  Indeed, several consumers' comments demonstrate that they are, in fact, misled about the services provided and the fees charged by HomeAway. Below are just some of these reviews:

---

[2] https://help.homeaway.com/articles/What-is-the-service-fee-and-how-does-it-work (accessed June 21, 2017)

*"Charged twice and problems getting refund"*

        I booked this one place but somehow it was canceled. The owners resent the payment and I played [sic] and it charged 91 dollars twice to my account. I was finally able to Pay the owner but for the canceled 91 dollars I am having problems getting back. Homeaway says there is an error in their system so billing would have to contact. I still have not been contacted and it has been 3 weeks.

*"What a sham!"*

6/8/17

        I booked a villa through HomeAway in December, they said it was available for my chosen dates so I paid their 'service fee' of nearly £100. The following day I received an email from the company who HomeAway had passed me on to who said my dates were not available, and offered other dates. I declined the other dates and was told that HomeAway would be informed that the holiday was cancelled. However, HomeAway still took their so-called 'service fee' from my account. WHY!!! They had not provided me with any service whatsoever. Trying to contact them through their customer services was like trying to get blood from a stone!! ….So my advice is DON'T USE HOMEAWAY!!!

*"Homeaway Customer Service Non Existant"*

*"Do NOT use homeaway"*

6/1/17

        Do not give this company your credit card number, you will be charged a fee immediately. You will not be able to contact anyone who can help, I've been transferred from one person to another for the last hour. Don't know how they get by with this.

*"worst company ever!!!"*

5/31/17

        Its the worst company i have ever dealt with. customer service?? wait what there is no service just dumb people who takes ages to understand the issue. I am still awaiting a part refund after the property owner cancelled at the last minute. its been over 2 wks & still chasing part refund. will never use the company and would advise no one to ever use them.

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**

6

*"No business being in the travel business!"*

*3/30/17*

Horrible experience by owner and HomeAway. Owner agreed to switch reservation date then suddenly switched back to original date with less than a week notice. He would not refund my money and I am out over $1200. Owner became volatile and angry. I spent hours on hold with customer service and filled out a detailed complaint with documentation. The company said I should try disputing charges with my credit card company and have not responded to my emails. Worst experience ever by both an unprofessional owner and a company that has zero customer service or support. I will never use their service again.

22. On Yelp.com, the majority of reviews were also negative. Out of a total of 231 reviews, 197 were 1 star. Below are just some of these reviews:

**Worst. Customer service. EVER**.

These frauds authorized deposit charges on my bank account NOT once but twice for a rental I never even signed up for. Shame on me for giving them my credit card in anticipation of possibly renting.

Then trying to get them to rectify it is a JOKE. Sit on hold for days, get passed around and around. They clearly try to frustrate you hoping you will go away.

There [sic] days later and they are STILL monopolizing MY money for a transaction that never occurred!! Reprehensible and irresponsible.

I will NEVER use HomeAway again. Ever.

**They have the worst customer service.**

I had to wait over an hour and a half to speak to a representative. When I finally did they were so unhelpful. I asked to speak to a supervisor and when she finally got on the phone (again had to wait), she was not only unhelpful but also extremely rude.

I am a traveler, and had a trip cancelled on us by the renter. Not only was it impossible to find a customer support number within the app, when I found the number on Wikipedia, they were grossly unhelpful. I had to chase down each bit of my payment to ensure I received a full refund,

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**

inclusive of service fees and insurances. Such a hassle on top of the terrible experience of being cancelled on. HomeAway did nothing to make the experience right or to offer support given the hassle and disruption to our plans. Unhelpful app and terrible support. Strongly advise against using them for your bookings.

23.    On Trustpilot.com, one reviewer wrote "NO CUSTOMER SERVICE!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!," while another wrote: "Don't trust their guarantee at all, Homeaway doesn't care about its customers at all. That bad ad is still incorrect and on their service."

24.    As a result of its conduct, HomeAway has been able to sell its services to unsuspecting consumers and profit handsomely from these transactions. Accordingly, Defendants' unfair or deceptive acts and practices have injured Plaintiff and the Class members, who have lost money and suffered damages by booking rental homes through HomeAway's website.

25.    Alternatively, Plaintiff and the Plaintiff Class have been harmed by the premium they paid for booking through HomeAway's website, compared to other rental home booking sites that do not claim consumers will have 24/7 access to its customer service.  As a result of its representations about the benefits and abilities of HomeAway, and claims about the way it would perform, HomeAway was able to, and did, charge a premium for its services.

26.    A reasonable consumer would attach importance to Defendants' representations in determining whether to book their rental home through HomeAway, including but not limited to representations that HomeAway's customer service would be available to them 24 hours a day, 7 days a week.

## CLASS ACTION ALLEGATIONS

27.    Pursuant to California Civil Code § 1780 and California Business and Professions Code § 17200 et seq., Plaintiff brings this class action lawsuit on behalf of herself and members of the Class (the "Class") defined as follows:

---

All persons who reside in the state of California who rented a dwelling form HomeAway plus all persons who rented a dwelling in the State of California through HomeAway's website between January 1, 2014 and the present.

28.     Excluded from the Class are:  (1) HomeAway and its officers, directors, employees, principals, affiliated entities, controlling entities, agents, and other affiliates; (2) the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact, or assignees of such persons or entities described herein; and (3) the Judge(s) assigned to this case and any members of their immediate families.

29.     Pursuant to Civil Code § 1780 and Business and Professions Code § 17200 et seq., Plaintiff brings this action individually, on behalf of the general public, and on behalf of all individuals similarly situated. Plaintiff reserves the right to amend this Complaint for such Class.

30.     This action has been brought and may be maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382 because there is a well-defined community of interests in the litigation and the proposed class is easily identified. This class action may also be properly maintained as a class action because the proposed class is ascertainable. As further set forth below, this class action meets the statutory prerequisites for the maintenance of a class action, including as set forth in Cal. Civ. Proc. Code § 382.

31.     **Numerosity**:  The Class is so numerous that joinder of all members is impractical. HomeAway listed homes for rental throughout California. Plaintiff is informed and believes that the proposed putative class consists of thousands of customers in the United States.  While the precise number of class members is presently unknown to Plaintiff, this information is in the control of Defendants and can be ascertained through discovery. Members of the Class are also readily ascertainable from Plaintiffs' description of the Class and/or Defendants' records.

32.     **Common Questions of Fact and Law**:  Common questions of law or fact exist as to all members of the Class and predominate over any individual questions.  Some of the questions of law and fact common to Class members include, but are not limited to, the following:

a.     Whether Defendants engaged in the conduct alleged herein;

b.  Whether Defendants engaged in unlawful, unfair, or fraudulent business acts or practices in connection with the design, marketing and advertising of HomeAway;

c.  Whether Defendants used any unfair, deceptive, untrue, or misleading advertising in connection with the services offered on HomeAway's website;

d.  Whether Defendants made any false and/or misleading claims, representations and/or omissions in its advertising, marketing, or other promotional materials in connection with the services offered on HomeAway's website;

e.  Whether Defendants' conduct violates consumer protection statutes and other laws as asserted herein including, but not limited to California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et seq.), and California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.)

f.  Whether the members of the Plaintiff Class sustained damages as a result of Defendants' conduct and, if so, the proper measure and appropriate formula to be applied in determining such damages;

g.  Whether members of the Plaintiff Class are entitled to restitution as a result of Defendants' conduct and, if so, the proper measure and appropriate formula to be applied in determining such restitution;

h.  Whether members of the Plaintiff Class are entitled to other equitable relief, and if so, the proper amount thereof;

i.  Whether members of the Plaintiff Class are entitled to injunctive relief as a result of Defendants' conduct and, if so, the appropriate form of such injunctive relief.

33.     **Typicality:**  Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff and the Class members booked a rental of a home located in the State of California on HomeAway's website (www.homeaway.com). Plaintiff and the Class members have been injured by the same wrongful practices committed by Defendants, and the relief sought is common to all members of the Class. Plaintiff's claims arise from the same practices or course of conduct that give rise to the claims of all Class members.

34.     **Adequacy:**  Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff booked a stay at a rental home located in California though HomeAway during the Class period and is familiar with the basic facts that form the basis of the Class members' claims.  Plaintiff is an adequate representative of the Class in that she has no interests which are adverse to or conflict with those of the Class members that Plaintiff seeks to represent. Plaintiff has also retained counsel with substantial experience and success in the prosecution of complex consumer protection class actions of this nature.

35.     **Superiority:**  A class action is superior to any other available method for the fair and efficient group-wide adjudication of this controversy since individual joinder of all Class members is impracticable. Furthermore, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class members to redress the wrongs done to them, especially given that the damages or injuries suffered by each individual member of the Class may be relatively small. Even if the Class members could afford individualized litigation, the cost to the court system would be substantial and individual actions would also present the potential for inconsistent or contradictory judgments. By contrast, a class action presents fewer management difficulties and provides the benefits of single adjudication and comprehensive supervision by a single court, and is manageable based on the use of common evidence and a core number of representations and/or omissions of material fact at issue.

**FIRST CAUSE OF ACTION**
**Violations of California's Consumer Legal Remedies Act**
**(California Civil Code § 1750 *et seq.*)**
**(Against All Defendants)**

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**
**11**

36.     Plaintiff hereby re-alleges and incorporates the allegations set forth in this complaint as if fully set forth herein. Plaintiff brings this cause of action on behalf of the Class.

37.     This cause of action is brought pursuant to the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1770, et seq.), which proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer[.]"

38.     These acts, practices, and omissions described herein were intended to result in the sale of goods and/or services to the consuming public. These acts, practices, and omissions violated and continue to violate the CLRA in that they constitute unlawful methods of competition, unfair or deceptive acts undertaken in a transaction which resulted in the sale of goods to consumers. Such acts and practices include, but are in no way limited to, representing that goods had characteristics, benefits, or uses which they do not have.

39.     At all times relevant hereto, Plaintiff and the members of the Class were "consumers" as defined by Cal. Civ. Code § 1761(d).

40.     At all times relevant hereto, HomeAway offered "services" as the term is defined by Cal. Civ. Code § 1761(b).

41.     At all times relevant hereto, Defendants constituted "persons" as the term is defined by Cal. Civ. Code § 1761(c).

42.     At all times relevant hereto, Plaintiff's and other Class members' rentals of properties advertised on HomeAway's website constituted a "transaction" as the term is defined by Cal. Civ. Code § 1761(e).

43.     As alleged herein, Defendants misrepresented, concealed, and/or omitted material facts regarding the nature, performance, characteristics, abilities, uses, and benefits of HomeAway that were misleading.

44.     By engaging in the conduct set forth herein, Defendants violated and continue to violate the CLRA, including but not limited to California Civil Code § 1770 subsections (2), (4),

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**

(5), (9), and (19). In particular, through the acts and practices set forth herein, Defendants have violated and continue to violate the CLRA by, among other things:

    a. Misrepresenting the certification of services, in violation of Cal. Civ. Code § 1770(a)(2);

    b. Using deceptive representations in connection with services, in violation of Cal. Civ. Code § 1770(a)(4);

    c. Representing that goods and/or services have characteristics, uses, and benefits that they do not have, in violation of Cal. Civ. Code § 1770(a)(5);

    d. Advertising goods and/or services with intent not to sell them as advertised, in violation of Cal. Civ. Code § 1770(a)(9);

    e. Inserting an unconscionable provision in the contract, in violation of Cal. Civ. Code § 1770(a)(19).

45. In purchasing Defendants' services advertised on HomeAway, Plaintiff and other Class members relied on Defendants' acts, practices, and omissions to their detriment. Had Plaintiff and the Class known about the true nature of HomeAway, they would not have booked their rental home through HomeAway or would have paid less.

46. As a direct and proximate result of Defendants' unfair and deceptive conduct, Plaintiff and the Class members have lost money or property in that they bought a service they otherwise would not have, they overpaid for their rental home booked through HomeAway, and/or did not receive the benefit of their bargain. Plaintiffs and other Class members were deceived into purchasing HomeAway's services as a direct and proximate result of Defendants' unlawful methods of competition and unfair or deceptive acts. As a direct and proximate result of Defendants' violations of the CLRA, Plaintiff and other Class members have therefore suffered damages in an amount to be proven at trial.

47. By engaging in the conduct described herein, Defendants have acted with fraud, malice, and oppression and in conscious disregard of the rights of Plaintiff and the Class members. As a result, Plaintiff and the members of the Class are entitled to punitive and

exemplary damages in an amount to be proven at trial. Plaintiff and Class members are also entitled to equitable relief.

48.     Pursuant to Cal. Civ. Code § 1782(a), on or about April 19, 2017, Plaintiff, on behalf of herself and other similarly situated consumers, notified HomeAway of the unlawful methods of competition, the unfair acts and practices, and the CLRA violations described herein by a certified letter, which requested that Defendant cease and desists its unlawful conduct, offer to make appropriate restitution, correction, or other remedy, among other things, as required by Cal. Civ. Code § 1782. Plaintiff's notice was sent to Defendant by certified mail, return receipt requested pursuant to Cal. Civ. Code § 1782(a)

49.     Defendant HomeAway has failed to provide appropriate relief for its violations of the CLRA. The notice period has expired and Plaintiffs and the Class are entitled to actual, punitive, and statutory damages, costs, attorneys' fees, and any other relief as the court deems appropriate pursuant to Cal. Civ. Code § 1782(d).

## SECOND CAUSE OF ACTION
### Violation of California's False Advertising Law
### (California Bus. & Prof. Code § 17500)
### (Against All Defendants)

50.     Plaintiff hereby re-alleges and incorporates the allegations set forth in this complaint as if fully set forth herein. Plaintiff brings this cause of action on behalf of the Class.

51.     At all times relevant hereto, Defendants were and are "persons" as defined by Cal. Bus. & Prof. Code § 17506.

52.     California Business and Professions Code section 17500 provides: "It is unlawful for any person, firm, corporation or association…with intent directly or indirectly to dispose of real or personal property…or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device…or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known or which by the exercise of reasonable care should be known to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so

---

made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property…so advertised at the price stated therein, or as so advertised."

53.    Through the acts and practices described herein, Defendants engaged in a campaign of advertising and marketing HomeAway to the public, including Plaintiff and the Class members.  Defendants' advertisements, commercials, marketing statements, and other promotional materials and representations were disseminated to the public. As set forth herein, Defendants' advertising, marketing, and/or promotional materials contained untrue or misleading statements about rental homes located in California and listed on HomeAway's website.

54.    Defendants made and disseminated this advertising, including the untrue and misleading statements, with the intent of inducing the public to book rental homes located in the State of California through HomeAway's website.

55.    As set forth herein, Defendants' statements, representations, advertising and marketing materials were untrue and misleading in that they were likely to deceive, and did deceive, the public.

56.    In making and disseminating the advertising, marketing, promotional materials, statements and representations alleged herein, Defendants knew or by the exercise of reasonable care should have known that its statements and representations about HomeAway were untrue or misleading.

57.    Defendants made representations and/or disseminated advertising regarding HomeAway with the intent not to offer the service as advertised.

58.    Plaintiff and the Class members booked rental homes located in California through HomeAway in reliance on Defendants' misrepresentations.  Had Plaintiff and the Class members known the true nature of HomeAway, they would not have purchased the services or would have paid less.

59.    As a direct and proximate result of Defendants' false and misleading advertising, Plaintiff and the Class members have lost money and suffered damages in that they purchased a service they otherwise would not have or paid more for a rental home located in California booked through HomeAway than they otherwise would have. Plaintiff further alleges that, as a

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**

direct and proximate result of Defendants' false and misleading advertising as alleged herein, Defendants have obtained a monetary benefit from Plaintiff and the Class members. As such, Defendants have been unjustly enriched at the expense of Plaintiff and the Class members.

60.    Plaintiff, individually and on behalf of the Class members, requests that this Court enter such orders and judgments as may be necessary to enjoin Defendants from continuing their unfair, unlawful, and/or deceptive practices, to restore to Plaintiff and the Class members any money Defendants obtained by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below or that the Court deems proper.

### THIRD CAUSE OF ACTION
### Violation of California's Unfair Competition Law
### (California Bus. & Prof. Code § 17200 et seq.)
### (Against All Defendants)

61.    Plaintiff hereby re-alleges and incorporates the allegations set forth in this complaint as if fully set forth herein.

62.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…"

63.    Beginning at an exact date unknown to Plaintiff but at least since sometime in or around 2014, Defendants committed and continue to commit acts of unfair competition as defined by the UCL.

64.    As specifically alleged herein, Defendants' acts and practices violate the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770, and the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, and consequently constitutes "unlawful" business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200.

65.    Defendants' acts and practices, as alleged herein, threaten a continued violation of consumer laws, including but not limited to the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770, and the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, violate the policy and spirit of such laws, and otherwise significantly harm consumers. Furthermore, Defendants' acts and practice of marketing and advertising HomeAway while

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**
**16**

misrepresenting the nature and efficacy of the service is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff, the Class members, and members of the general public substantially outweighs any benefits of Defendants' conduct. Consequently, Defendants' acts and practices constitute "unfair" business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200.

66.     Defendants' acts and practices are likely to deceive, and did deceive, Plaintiff, the Class, and members of the general public and, consequently, constitute "fraudulent" business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200. Through the untrue and misleading statements contained in Defendants' advertising, marketing and other promotional materials, as alleged herein, Defendants misled Plaintiff, the Class members, and members of the general public about HomeAway.  Through the conduct described herein, Defendants violated the "fraudulent" prong of the UCL by, among other things, representing that HomeAway's consumers would have 24/7 access to its customer service.

67.     Defendants' advertising, marketing, and other promotional materials also constitute unfair, deceptive, untrue and misleading advertising. As alleged herein, Defendants' advertising, marketing, and other promotional materials contained claims, statements, and representations that were false, misleading, and/or likely to deceive the public, the Plaintiff, and Class members.

68.     Defendants' misrepresentations and omissions, as alleged herein, were a substantial factor in Plaintiff and other Class members making their decisions to book their rental home through HomeAway's website and pay the prices they did. Had Plaintiff and the Class members known the true nature of HomeAway, they would not have used the service or would have paid less. As a direct and proximate result of Defendants' conduct, Plaintiff and the Class members have suffered injury in fact and have lost money by booking their  rental home through HomeAway.

69.     As a direct and proximate result of Defendants' conduct, Defendants received ill-gotten gains and have been unjustly enriched at the expense of Plaintiff and the Class members.

70.     Defendants have thus engaged in unlawful, unfair, and fraudulent business acts and practices, and unfair, deceptive, untrue or misleading advertising in violation of Cal. Bus. & Prof. Code § 17200.

71.     Plaintiff therefore requests that the Court enter such orders and judgments as may be necessary to enjoin Defendants from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and members of the Class any money Defendants may have acquired by such acts of unfair competition, including restitution and/or restitutionary disgorgement, and any further relief that the Court deems proper.

**FOURTH CAUSE OF ACTION**
**Breach of Contract – Misrepresentation of Benefits**
**(California Civ. Code § 1709)**
**(Against All Defendants)**

72.     Plaintiff hereby re-alleges and incorporates the allegations set forth in this complaint as if fully set forth herein.

73.     HomeAway's misrepresentations and omissions alleged herein, including its misrepresentation that it provided 24/7 customer service as alleged herein, caused Plaintiff and the other Class members to book their  home rental through HomeAway's website.  Absent those misrepresentations and omissions, Plaintiff and the other Class members would not have booked their  home rentals through HomeAway's website at the prices they paid, and/or would have booked their  home rental directly through the property owner or through a less expensive booking site.  Accordingly, Plaintiff and the other Class members overpaid for their rentals and did not receive the benefit of their bargain.

74.     Each and every sale of a  home rental through HomeAway's website constitutes a contract between HomeAway and the consumer.  HomeAway breached these contracts by misrepresenting to Plaintiff and the other Class members that they would have 24/7 customer service, when in fact, they would and did not.

75.     As a direct and proximate result of HomeAway's breach of contract, Plaintiff and the Class have been damaged in an amount to be proven at trial, which shall include, but is not

---

limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

## FIFTH CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

76.     Plaintiff hereby re-alleges and incorporates the allegations set forth in this complaint as if fully set forth herein.

77.     Defendants have failed and continue to fail to perform the terms and conditions of the agreement by which they are bound.  HomeAway breached the agreement by, among other things, failing to adjust the service fee paid by Plaintiff and other Class Members for reservation modifications resulting in shortened rentals and for failing to provide 24/7 customer service as advertised.

78.     Plaintiff and the Class performed all duties, conditions, and obligations required to be performed by Plaintiff and Class except for those acts that have been prevented, delayed, or excused by the acts or omissions of Defendants pursuant to the parties' agreement.

79.     HomeAway's breaches of the contract between the parties are the proximate cause of injuries and damages to the Plaintiff and Class as set forth in this Complaint.

80.     As a direct and proximate result of Defendants' failure and refusal to perform their obligations under the contract, Plaintiff and the Class suffered injuries and damages, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all persons similarly situated, prays for judgment against Defendants as follows:

1.      That the Court enter an order certifying the Class defined herein, designating Plaintiff as representative of the Class, and appointing Plaintiff's counsel as Class counsel;

---

2.   That the Court enter an order temporarily and permanently enjoining Defendants from continuing the acts of unfair competition or violations of law as alleged herein;

3.   That the Court enter an order requiring full restitution or restitutionary disgorgement of all amounts obtained by Defendants as a result of the misconduct set forth herein in an amount according to proof at trial;

4.   For all recoverable compensatory, consequential, actual, and/or statutory damages in the maximum amount permitted by law or other equitable monetary relief, plus pre and post-judgment interest thereon;

5.   For punitive and exemplary damages in amounts according to proof at trial;

6.   For other equitable relief;

7.   For prejudgment interest as provided by law;

8.   For costs of suit incurred herein;

9.   For payment of reasonable attorneys' fees and costs as permitted by law, including but not limited to California Code of Civil Procedure section 1021.5, California Civil Code sections 1780-1782, and other statutes as may be applicable; and

10.   For all such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all claims and issues so triable.

1  LAW OFFICES OF ALEXANDER SCHACK

Dated: September 29, 2017

2

3           _____/s/ Natasha N. Serino_____
            Natasha N. Serino, Esq.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23